UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 19 CR 932-1 |
| v. | ) |
| | ) Hon. Jorge L. Alonso |
| SEDGWICK WILLIAMS, and | ) |
| TAI HON LA | ) |

**GOVERNMENT'S MOTION FOR ADMISSION OF GX 401-AA**

Defendant Williams has objected, as part of the pretrial order, to virtually every communication and other item obtained from his own cell phone. *See* R. 371 (objections to exhibits in Series GX 401). Among those communications are numerous messages between Williams and Coconspirator G regarding him obtaining a police-style ballistic vest from her (which she had from her job as a security officer). *See, e.g.*, GX 401-FF, 401-S, 401-T, 401-V to 401-Y. The Court has already found Coconspirator G to be a joint criminal venturer for purposes of Rule 801(d)(2)(E). Tr., 9/28/2022, p. 71. Most if not all of those communications are also admissible for reasons independent of that provision, including that they are statements made by the defendant, are statements made to him showing his knowledge, and/or are requests, demands, suggestions, questions, or other verbal acts, as opposed to assertions of historical fact. To the extent that defendant maintains any objections to those communications, they can be addressed during trial. However, for a portion of one of those exchanges, Government Exhibit 401-AA, in addition to the other bases

1

for admission, Coconspirator G's statements to Williams are admissible as adoptive admissions by defendant under Rule 801(d)(2)(B). The Court should admit them for that reason as well.[1]

Specifically, on December 4, 2019, which was after the Naperville and Westchester kidnappings during which police vests were worn, Williams and Coconspirator G discussed Williams returning her ballistic vest to her. During that exchange, Coconspirator G ("Ma Ma") demanded Williams return the vest and Williams refused, as follows:

> Ma Ma: Just give me my shit then
>
> Williams: B**** buy a new one I took that b****
>
> \* \* \*
>
> Ma Ma: *B\*\*\*\* I wil tell all these n\*\*\*\*\* u robbed that u robbed them. Stealing ass b\*\*\*\*. Get indicted quick*
>
> Williams: *B\*\*\*\* who cares . . . An tell them have more money next time an it's A different between taking an stealing hoe*

(GX 401-AA, pp. 2-3 (emphases added).)

A statement is not hearsay if the statement it "is offered against an opposing party and . . . is one the party manifested that it adopted or believed to be true." Fed. R. Evid. 801(d)(2)(B). Such "adoptive admissions" can occur under various circumstances—including the party's silence in the face of an accusation *or* the party's active engagement in the conversation in which that statement was made. "It is not

---

[1] Williams's own statements, obviously, are non-hearsay admissible under Rule 801(d)(2)(A).

necessary for one to use any specific language to adopt another's statement." *United States v. Ward,* 377 F.3d 671, 675 (7th Cir. 2004). Instead, the Seventh Circuit's test for adoptive admissions is whether "the statement was made in the defendant's presence, [whether] the defendant understood the statement, and [whether] the defendant ha[d] the opportunity to deny the statement but did not do so." *Id.* "When silence is relied upon, the theory is that the person would, under the circumstances, protest the statement made in his presence, if untrue." Fed. R. Evid. 801(d)(2)(B) Advisory Committee Note to Subdivision (d).

Alternatively, where the defendant actively participated in the conversation, his adoption of a statement can be manifested from the "give and take" of the colloquy. *See United States v. Allen,* 10 F.3d 405, 413 (7th Cir. 1993) (finding adoptive admissions based on defendant's non-verbal cues and replies of "yeah" or "I hear ya" along with failure to context the incriminating statements); *United States v. Rollins,* 862 F.2d 1282, 1296 (7th Cir. 1988) (finding adoptive admission where defendant "frequently agree[d] with [FBI informant] and participated in the give and take of the telephone conversation").

As described above, Williams was confronted with Coconspirator G's statements that he had "robbed" those people and that he would get "indicted" if she told anyone. When so confronted, Williams did not simply stay silent (although silence in those circumstances would have been enough, *Ward,* 377 F.3d at 675). Instead, his initial response was "who cares," evincing at least his acquiescence if not

3

his outright agreement. He also manifested agreement with the accusation by saying that the victims should have had "more money" and stating that it is the difference "between taking an stealing," such that his actions are outside the law.2  That active give-and-take—indeed, his implied if not explicit agreement—is more than enough to have manifested an adoption of those statements.

Accordingly, Coconspirator G's statements are admissible under Rule 801(d)(2)(B) as non-hearsay and for the truth of those assertions.3

                        Respectfully submitted,

                        MORRIS PASQUAL
                        Acting United States Attorney

By:   /s/ *Corey B. Rubenstein*
        JARED C. JODREY
        COREY B. RUBENSTEIN
        MARY K. McCLELLAND
        Assistant United States Attorneys
        United States Attorney's Office
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        312-353-5358

---

[2] Williams's reference to "tell them have more money next time" is consistent with the evidence that the money obtained from each of the Westchester and Naperville offenses was far less than expected.

[3] Alternatively, Coconspirator G's statements would be admissible as necessary context to understand defendant's responses, although, in that case, they could not themselves be considered for the truth. *See, e.g., United States v. Woods*, 301 F.3d 556, 561 (7th Cir. 2002) (the [declarant's] side of the conversations were admissible either because they provide context or because they were adopted" by the defendant); *United States v. Gajo*, 290 F.3d 922, 929–30 (7th Cir. 2002) (holding statements of an informant may be admitted as non-hearsay to provide context to a conversation) (citing cases).